UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **SHERIDAN HEALTHCARE OF LOUISIANA, INC.** | **CIVIL ACTION NO. 15-02509** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **PROGRESSIVE ACUTE CARE, LLC D/B/A/ DAUTERIVE HOSPITAL** | **MAG. JUDGE CAROL B. WHITEHURST** |

## RULING

Pending before the Court is Plaintiff Sheridan Healthcare of Louisiana, Inc.'s ("Sheridan") Motion to Confirm Arbitration Award ("motion to confirm") issued in the matter captioned: *Sheridan Healthcare of Louisiana, Inc. v. Progressive Acute Care, LLC d/b/a Dauterive Hospital*, AHLA Case No. 3243. [Doc. No. 10]. Defendant Progressive Acute Care, LLC d/b/a Dauterive Hospital ("Progressive") filed no opposition to the motion.

The underlying suit stems from a breach of contract claim filed by Sheridan against Progressive on October 12, 2015. The parties agreed to arbitration as provided for in the contract between the parties. Sheridan commenced arbitration on December 11, 2015. An arbitrator was appointed pursuant to the American Health Lawyers Association Arbitration Rules to address Sheridan's request for emergency relief. The initial arbitrator issued interim awards to Sheridan on December 24, 2015, and February 6, 2016.

A second arbitrator was appointed to conduct an arbitration on the merits. The arbitration was conducted in a summary manner upon written briefs. Neither party objected to this process. The arbitration closed on March 17, 2016.

On April 6, 2016, the Arbitrator issued an award in the Arbitration Proceeding in favor of

Sheridan and against Progressive. The award provides for the following relief in favor of Sheridan:

1. Damages in the amount of $504,940.50;

2. Interest accrued on the damage amount since the date of termination on November 17, 2014, through April 6, 2016, paid at Twelve Percent per year (12%), totaling $83, 999.96 as of April 6, 2016, with interest to accrue until the amount is paid;

3. All reasonable attorneys' fees and costs incurred by Sheridan in connection with the arbitration–totaling $66,644.46, plus arbitration fees and costs of $19,100; and

4. A fine against Progressive in the amount of $1,000 a day from December 31, 2015 through April 6, 2016, for a total of $86,000 as of April 6, 2016. This fine is to accrue daily until payment.

[Doc. No. 10-1, pp. 9-10].

The total amount of the award as of April 6, 2016, was $760,684.92.

The instant motion to confirm was filed on April 22, 2016. [Doc. No. 10].

On April 25, 2016, Sheridan filed a motion to expedite consideration of the motion to confirm. [Doc. No. 12]. The Court granted the motion that day and issued a shortened briefing period for Progressive to file an opposition memorandum. Progressive filed no opposition.

"To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the [Federal Arbitration Act] narrowly restricts judicial review of arbitrators' awards." *Positive Software Sol. v. New Century Mortg.*, 476 F.3d 278, 280 (5th Cir. 2007). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), provides four statutory bases for vacating an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to...hear evidence pertinent and material to the controversy...; or

(4)     where the arbitrators exceeded their power.

The party moving to vacate an arbitration award bears the burden of proof. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 549 (N.D. Tex. 2006) ( citations omitted).

The Court has examined Sheridan's evidence in support of the motion to confirm and finds no basis for vacating or modifying the arbitrator's award. Accordingly,

IT IS ORDERED that Sheridan's motion to confirm [Doc. No. 10] is GRANTED. The Court will enter judgment on a separate document pursuant to Federal Rule of Civil Procedure 58.

MONROE, LOUISIANA, this 11th day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE